MCCORMACK, J.
(concurring in part and dissenting in part). I concur in the majority’s decision to reverse the judgment of the Court of Appeals and to remand this case to the Court of Claims. I also agree with Justice BERNSTEIN that pensions are “conditions of employment” for the purposes of Const 1963, art 11, § 5 and would explicitly so hold.
I am less confident about what the Civil Service Commission’s constitutional authority means in this particular context, given that the commission cannot legislate or make appropriations, as both the majority and Justice BERNSTEIN acknowledge, and therefore cannot accomplish many goals with respect to retirement benefits without legislative action. See Const 1963, art 4, § 1 (“The legislative power of the State of Michigan is vested in a senate and a house of representatives.”); 46th Circuit Trial Court v Crawford Co, 476 Mich 131, 141; 719 NW2d 553 (2006) (opinion by MARKMAN, J.) (stating that “the power to tax and to appropriate for *345 specific purposes” is a “fundamental aspect” of legislative power); Const 1963, art 3, § 2 (“No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in [the] constitution.”)- Stated differently, I believe the question of how the commission’s power to regulate pensions as a “condition of employment” within the civil service can be reconciled with the Legislature’s exclusive authority to make appropriations to be a difficult one. I write separately because while the majority’s explanation of the commission’s historic acquiescence in the legislature’s encroachment might be correct, given that it is not essential to the majority’s holding and was not explored by the parties, I would refrain from commenting on it. Although the majority may not believe that its discussion of this point drives any of its analysis, I do not believe its opinion makes that sufficiently clear.
Despite the significance of this separation of powers question, I ultimately agree with the majority that it is not a question we should reach just yet. Because the commission, as the affected constitutional actor, is not a party to this lawsuit, has not otherwise officially objected to the legislature’s action, and appears by its own official pronouncement, Civ Serv R 5-13, to have acceded to the legislation, I believe we should refrain from deciding the separation of powers question that the plaintiffs have asserted on the commission’s behalf for today. But since Rule 5-13 is all we need to decide this case, I would not consider what import, if any, to assign the commission’s historical “acquiescence” in the broader context.
If, in the future, the commission changes its position and objects to the Legislature’s enactment of 2011 PA 264, we will need to confront the question of the *346 commission’s constitutional authority and the effect of its historical accommodation of the legislative enactments embodied in the State Employees’ Retirement Act, MCL 38.1 et seq. In my view, those questions should be evaluated once there is a genuine dispute between the commission and the Legislature, once the affected parties have had sufficient opportunity to answer them, and after this Court has taken time to carefully evaluate them with the benefit of that input. For now, I believe the majority is ultimately correct to postpone that difficult constitutional question for another day.